17843—Warren Carlin v. Wallace Eastman et al; Crawford county. Motion to certify record.

### GENERAL DOCKET
#### Tuesday, February 13

17389—The Cleveland Baptist Association et al v. Samuel Scovil et al; error to the Court of Appeals of Cuyahoga county. Judgment affirmed. Robinson, Jones, Matthias. Day and Allen, JJ., concur.

#### Tuesday, February 13

#### Wednesday, March 7

### SYLLABI

No. 17389—The Cleveland Baptist Association et al v. Samuel Scovil et al. Error to the Court of Appeals of Cuyahoga County.

REAL ESTATE—(1) Restrictions in sheriff's deed, estoppel to deny restrictions—(2) Church edifice prohibited.

JONES, J.:

1. A realty company made an allotment of a large number of lots, upon which it gave a blanket mortgage. Some of the lots were sold to purchasers by deeds containing various restrictions. Later, the mortgagor defaulted, and foreclosure proceedings were instituted wherein the mortgagor and owners

## THE OHIO SUPREME COURT

of the lots previously sold were made parties. The mortgagor and the mortgagee and all of the parties, except a few who were in default for answer, joined in a consent decree ordering the sale of the remaining lots with various restrictive covenants as to building erections. Plaintiff in error's predecessor in title purchased one of these lots at sheriff's sale and accepted a deed incorporating the restriction hereinafter named, and thereafter conveyed the premises to plaintiff in error by a deed embodying the same restriction. All other purchasers at judicial sale who have improved their lots complied with the restrictions imposed by said decree.

Held: The purchaser at sheriff's sale and his successor in title, both of whom received deeds embodying the restriction, are estopped from questioning the validity of the restrictions contained in their respective deeds.

2. The decree and deeds executed in pursuance thereof contained the following restriction applicable to one of the lots: "Until January 1, 1934, said premises shall not be used for apartment or boarding house purposes, but shall not be used for apartment or boarding house purposes, but shall be used for private residences only, including necessary out-buildings, garage and barn." This restriction is not doubtful in import and prohibits the erection of a church edifice on the lot.

Judgment affirmed.

Robinson, Matthias, Day and Allen, JJ., concur.